UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL DE LOS ANGELES BARRANTES-SUAREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PAMELA BONDI, in her official capacity as Attorney General;<br>KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security;<br>U.S. DEPARTMENT OF HOMELAND SECURITY;<br>F. SEMAIA, In his official capacity as Warden of the Adelanto Detention Facility; and<br>JAIME RIOS in his official capacity as ICE Field Office Director,<br><br>　　　　Respondents. | Case No. 5:26-cv-00772-JWH-MAA<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 3]** |

Before the Court is the *ex parte* Application of Petitioner Barrantes-Suarez for a Temporary Restraining Order ("TRO") to enjoin Respondents Pamela Bondi, Kristi Noem, U.S. Department of Homeland Security, F. Semaia, and Jaime Rios from continuing to detain her.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **GRANTS** Barrantes-Suarez's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

Barrantes-Suarez, a citizen of Nicaragua, was paroled into the United States by United States Customs and Border Protection ("CBP") on or about December 4, 2022.[3] She was subsequently placed into removal proceedings.[4] Since her release, Barrantes-Suarez has complied with all immigration requirements, and she has no criminal record.[5] In December 2023 Barrantes-Suarez was arrested in connection with an alleged domestic violence incident, but she was never convicted.[6] That same month, Barrantes-Suarez filed an

---

[1] Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 3]

[2] The Court considered the documents of record in this action, including the following papers: (1) Application; (2) Resps.-Defs.' Opp'n to the Application (the "Opposition") [ECF No. 8]; (3) Pl.-Pet.'s Resp. in Supp. of the Application (the "Response") [ECF No. 9]; and (4) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[3] Petition ¶ 3.

[4] *Id.* at ¶ 4.

[5] *Id.* at ¶ 6.

[6] *Id.* at ¶ 5. It is unclear whether any charges were brought against Barrantes-Suarez. The Petition states: "However, case was ultimately dismissed against Petitioner."

application for asylum that remains pending.[7] At a routine check-in on February 12, 2026—nearly three years after Barrantes-Suarez's release—Respondents arrested and detained Barrantes-Suarez without any notice or explanation.[8] Barrantes-Suarez is currently detained at the Adelanto Detention Facility,[9] and she has not been provided with a bond hearing.[10]

### B. Procedural History

On February 18, 2026, Barrantes-Suarez filed both the instant Petition and the instant Application for a TRO. In her Application, Barrantes-Suarez seeks the following relief:

- requiring Respondents to release her immediately on her OREC and enjoining Respondents from re-detaining her absent further order of this Court;
- in the alternative, ordering Barrantes-Suarez's immediate release from Respondents' custody and enjoining Respondents from re-detaining her unless they demonstrate at a pre-deprivation bond hearing, by clear and convincing evidence, that she is a flight risk or danger to the community, such that her physical custody is required.[11]

## II.  LEGAL STANDARD

A TRO preserves the *status quo* and prevents irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary

---

[7]   *Id.* at ¶¶ 7 & 9.
[8]   *Id.* at ¶¶ 8 & 9.
[9]   *Id.* at ¶ 12.
[10]  *Id.* at ¶ 11.
[11]  Application 2:6-12.

injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). When the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

If the court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. *See* L.R. 65-1.

### III. ANALYSIS

Barrantes-Suarez argues that Respondents violated her procedural Due Process rights by re-detaining her without any notice or explanation. The Court concludes that Barrantes-Suarez satisfies the *Winter* factors with respect to her Due Process argument and, therefore, that the issuance of a TRO is appropriate.

**A.   Likelihood of Success on the Merits**

Due process rights extend to noncitizens present in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)). Barrantes-Suarez fits that description.

Thus, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted). When determining what procedures are required by Due Process, a district court applies the three-part *Mathews* test, which involves an analysis of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures; and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1. Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Barrantes-Suarez has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Barrantes-Suarez.

### 2. Risk of Erroneous Deprivation

"[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)).

Here, Respondents took Barrantes-Suarez into immigration custody without notice or warning after she arrived for her check-in. Compounding that lack of process, Respondents have continued to deny Barrantes-Suarez a post-detention opportunity to contest her detention before a neutral decisionmaker. Without an initial justification for re-detention or a bond hearing on the merits, the risk of erroneous deprivation is high. Respondents assert that Barrantes-Suarez was "put into immigration proceedings, on or about the same day [that she was detained],"[12] and they imply that such an action somehow provided Barrantes-Suarez with Due Process. If anything, the Notice to Appear to which Respondents refer emphasizes the need for the Due Process that Respondents did not provide.[13]

The Notice to Appear indicates that Barrantes-Suarez is "an alien present in the United States who has not been admitted in paroled";[14] however, in her Petition, Barrantes-Suarez's states that she "was paroled into the United States on approximately December 04, 2022."[15] With no notice before the very day of her detention and no opportunity for a pre- or post-deprivation hearing of any kind, Respondents leave Barrantes-Suarez with no opportunity to challenge her detention as an erroneous deprivation of her liberty. Respondents do not contest that Barrantes-Suarez is released pursuant to an order of her own recognizance. Accordingly, this factor strongly favors Barrantes-Suarez.

### 3. The Government's Interest

To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the

---

[12] Opposition 1:15-18.
[13] *See* Opposition, Ex. A (the "Notice to Appear") [ECF No. 8-1].
[14] *Id.* at 1.
[15] Petition ¶ 3.

additional procedures. Here, the Court finds that the Government's interest in detaining Barrantes-Suarez without providing her with notice and a hearing is minimal because the effort and cost required to provide Barrantes-Suarez with those procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Because the Government's burden is low, this factor favors Barrantes-Suarez

The Court, having found that all of the *Mathews* factors favor Barrantes-Suarez, concludes that procedural Due Process requires a pre-deprivation notice of the reasons for re-detention and a post-deprivation hearing on the merits before an Immigration Judge.[16]

Accordingly, because Respondents denied Barrantes-Suarez constitutionally required pre- and post-deprivation due process, the Court concludes that Barrantes-Suarez is likely to succeed on the merits of her procedural Due Process claim.

---

[16] In their Opposition, Respondents assert that "[Barrantes-Suarez] appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*," Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. 2025). Opposition 1:5-9. On that basis, Respondents request that if the Court orders relief, that such relief be limited to a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 1:20-22. Although Barrantes-Suarez's February 12, 2026, arrest occurred in the United States, according to her Petition she was initially paroled into the United States at the border by CBP. Petition ¶ 3. The Court presently lacks the facts to address whether Barrantes-Suarez's immediate detention is governed by 8 U.S.C. § 1226, and the parties did not address that issue in their papers. Because the Court concludes that Barrantes-Suarez is likely to succeed on the merits of her procedural Due Process claim regardless of the authority under which she is detained, the Court declines to address whether 8 U.S.C. § 1226 governs Barrantes-Suarez's detention. *See Citibank, N.A. v. Mitchell*, 2024 WL 4906076, at *3 (N.D. Cal. Nov. 26, 2024) (noting that a "likelihood of success on even just one claim is sufficient [for injunctive relief] as long as that claim would support the injunctive relief sought").

### B.     Irreparable Harm

Barrantes-Suarez has been detained without the procedures or notice required by the Due Process Clause of the Constitution. Thus, she has been deprived of process in a manner that likely violates her constitutional rights. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Barrantes-Suarez would be immediately and irreparably harmed by the continued deprivation of her liberty without constitutionally mandated due process. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

### C.     Balance of Equities and Public Interest

Because Barrantes-Suarez challenges actions and a policy that are likely in violation of her constitutional rights, both the equities and the public interest favor the issuance of a temporary restraining order. *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue."). Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020). Accordingly, the Court concludes that both factors weigh in favor of Barrantes-Suarez.

Thus, because the *Winter* factors all weigh in Barrantes-Suarez's favor, the Court **GRANTS** Barrantes-Suarez's Application.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Barrantes-Suarez's instant Application for a TRO [ECF No. 3] is **GRANTED**.

2. Respondents are **TEMPORARILY ENJOINED** from continuing to detain Barrantes-Suarez.  Respondents are **DIRECTED** to release Barrantes-Suarez **FORTHWITH** under the terms and conditions of her existing release, as if Barrantes-Suarez had not been detained.  This Order does not provide Barrantes-Suarez with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements.

3. Respondents are **TEMPORARILY ENJOINED** from removing Barrantes-Suarez or transferring her outside the Central District of California.

4. Respondents are **ORDERED** to **SHOW CAUSE** in writing no later than March 10, 2026, why the Court should not issue a preliminary injunction in this case.

5. Barrantes-Suarez is **GRANTED** leave to file an optional reply no later than 12:00 noon on March 13, 2026.

6. A hearing on the OSC re preliminary injunction is **SET** for March 16, 2026, at 11:00 a.m.  Counsel for all parties are **DIRECTED** to appear in person at that date and time in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

7.    This Temporary Restraining Order shall remain in effect until the conclusion of the hearing on March 16, 2026.

**IT IS SO ORDERED.**

Dated: March 3, 2026

*[signature]*

John W. Holcomb
UNITED STATES DISTRICT JUDGE