# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL DE LOS ANGELES BARRANTES-SUAREZ,<br><br>    Petitioner,<br><br>    v.<br><br>TODD BLANCHE, in his official capacity as Acting Attorney General; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; FERETI SEMAIA, in his official capacity as Warden of the Adelanto Detention Facility; and JAIME RIOS in his official capacity as ICE Field Office Director,<br><br>    Respondents. | Case No. 5:26-cv-00772-JWH-PD<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION [ECF No. 3]** |

Before the Court is the *ex parte* Application of Petitioner Raquel De Los Angeles Barrantes-Suarez for a Temporary Restraining Order (a "TRO") and preliminary injunction to enjoin Respondents Todd Blanche, Markwayne Mullen, U.S. Department of Homeland Security, Fereti Semaia, and Jaime Rios from continuing to detain her.[1]  The Court concludes that this matter is appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  The Court granted Barrantes-Suarez's Application and issued both a TRO and an Order to Show Cause ("OSC") why a preliminary injunction should not issue.[2]  After considering the papers filed in support and in opposition,[3] the Court **GRANTS** Barrantes-Suarez's Application and issues a preliminary injunction, for the reasons set forth below.

## I.  BACKGROUND

**A.    Factual Allegations**

Barrantes-Suarez, a citizen of Nicaragua, was paroled into the United States by United States Customs and Border Protection ("CBP") on or about December 4, 2022.[4]  She was subsequently placed into removal proceedings.[5]  Since her release, Barrantes-Suarez has complied with all immigration requirements, and she has no criminal record.[6]  In December 2023, Barrantes-

---

[1]    Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 3]

[2]    *See* Order Granting the Application (the "Order") [ECF No. 11].

[3]    The Court considered the documents of record in this action, including the following papers:  (1) Application; (2) Resps.-Defs.' Opp'n to the Application (the "Opposition") [ECF No. 8]; (3) Pl.-Pet.'s Resp. in Supp. of the Application (the "Response") [ECF No. 9]; (4) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1]; and (5) Order.

[4]    Petition ¶ 3.

[5]    *Id.* at ¶ 4.

[6]    *Id.* at ¶ 6.

Suarez was arrested in connection with an alleged domestic violence incident, but she was never convicted.[7]  That same month, Barrantes-Suarez filed an application for asylum that remains pending.[8]  At a routine check-in on February 12, 2026—nearly three years after Barrantes-Suarez's release— Respondents arrested and detained Barrantes-Suarez without any notice or explanation.[9]

**B.  Procedural History**

On February 18, 2026, Barrantes-Suarez filed both the instant Petition and the instant Application for a TRO.  In her Application, Barrantes-Suarez seeks the following relief:

- requiring Respondents to release her immediately on her OREC and enjoining Respondents from re-detaining her absent further order of this Court;

- in the alternative, ordering Barrantes-Suarez's immediate release from Respondents' custody and enjoining Respondents from re-detaining her unless they demonstrate at a pre-deprivation bond hearing, by clear and convincing evidence, that she is a flight risk or danger to the community, such that her physical custody is required.[10]

On March 3, 2026, the Court granted Barrantes-Suarez's Application and enjoined Respondents from continuing to detain her.[11]  The Court also ordered

---

[7]    *Id.* at ¶ 5.  It is unclear whether any charges were asserted against Barrantes-Suarez.  The Petition states:  "However, case was ultimately dismissed against Petitioner."

[8]    *Id.* at ¶¶ 7 & 9.

[9]    *Id.* at ¶¶ 8 & 9.

[10]    Application 2:6-12.

[11]    Order.

Respondents to show cause why a preliminary injunction should not issue and allowed Barrantes-Suarez to file an optional reply.[12]

In response to the OSC, Respondents argue that the Petition is now moot because Barrantes-Suarez has been released from ICE custody.[13]

## II.  LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes Congress has passed.  *See Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904, 910 (C.D. Cal. 2022), *aff'd*, 2023 WL 6971456 (9th Cir. Oct. 23, 2023) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Standing is a jurisdictional limitation and is "an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted).  A case is moot when: (1) "the issues presented are no longer live"; or (2) the parties lack a "legally cognizable interest in the outcome."  *Id.* at 396.  When a case becomes moot, the court is "required to dismiss it."  *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

## III.  ANALYSIS

The Court concludes that the case is not moot.  While Respondents are correct that Barrantes-Suarez has received her requested relief in the form of her release, the Court is not convinced that Barrantes-Suarez's release from custody moots her request for a preliminary injunction, particularly the non-final nature

---

[12]    *Id.* at 9:16–20.

[13]    Not. of Compliance and Resp. to OSC [ECF No. 12].

of the Order granting a TRO. "Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot." *Tang v. Bondi*, 2025 WL 3551381, at *2 (W.D. Wash. Dec. 11, 2025) (concluding that a preliminary injunction ordering the petitioner's release under the holding of *Zadvydas v. Davis*, 533 U.S. 678 (2001), did not moot the petition) (citing *Ortiz Martinez v. Wamsley*, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025) (collecting cases)). In this instance, unless the Court issues a preliminary injunction, Barrantes-Suarez will face the threat of re-arrest and detention upon the expiration of the TRO. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) ("Unless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention."). Accordingly, for the same reasons that the Court granted the temporary restraining order, the Court now **GRANTS** a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

### IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Barrantes-Suarez's instant Application for a Preliminary Injunction [ECF No. 3] is **GRANTED**.

2. Respondents are **PRELIMINARILY ENJOINED AND RESTRAINED** from detaining Barrantes-Suarez. This Order does not provide Barrantes-Suarez with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements.

3. This Order shall remain in effect until further order of the Court.

4. Further proceedings on the merits of Barrantes-Suarez's underlying Petition will **CONTINUE** before the Magistrate Judge assigned to

this case for recommended disposition or final disposition, as appropriate, in accordance with 28 U.S.C. § 636(c) and General Order Nos. 05-07 and 26-05.

**IT IS SO ORDERED.**

Dated: June 15, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE